**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LeGRANTE V. ELLIS, | No. 10-16145 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01351-LJO-WMW |
| v. | |
| JAMES E. TILTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 12, 2011[**]

Before:   SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner LeGrante V. Ellis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical condition.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion the denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

The district court properly dismissed Ellis's action because Ellis failed to allege facts in his first amended complaint showing that defendants acted with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

The district court did not abuse its discretion by dismissing without leave to amend after providing Ellis with one opportunity to amend and concluding that further amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1995) (dismissal without leave to amend is not an abuse of discretion where amendment would be futile).

**AFFIRMED.**